IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:09CV181-03-MU

| | |
|---|---|
| ANTHONY R. BLOW, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | **O R D E R** |
| MR. DENNIS MARSHALL and MS. COLEMAN, ) | |
| ) | |
| Defendants. ) | |

**THIS MATTER** is before this Court on initial review of Plaintiff's civil rights Complaint filed pursuant to 42 U.S.C. § 1983 (Doc. No. 1) originally filed in the Eastern District of North Carolina on April 7, 2009 and transferred to this Court on April 29, 2009 (Doc. No. 4.)

In his Complaint, Plaintiff alleges that Defendant Ms Coleman sent his outgoing mail back to him on two occasions in March due to the fact that his name did not appear on the inmate indigent list. Plaintiff contends that Defendant Dennis Miller reviewed step two of his grievance and did not properly address this issue. Plaintiff contends that Defendants reviewed an inaccurate computer print out.

The Court notes that Plaintiff has not stated a Constitutional claim for relief. Indeed, Plaintiff concedes that Defendants reviewed an inaccurate computer print out when they determined that his name did not appear on the inmate indigent list and returned his outgoing mail. Next, Plaintiff does not specify the contents of the packages and while he does characterize such packages as legal mail, he does not allege any injury or adverse consequence for the

1

nondelivery of his mail. White v. White, 886 F.2d 721, 724 (4th Cir. 1989).

Moreover, even if Plaintiff had stated a Constitutional claim, he has failed to fully exhaust the three-step administrative remedy process and his Complaint would be subject to dismissal for failure to exhaust his administrative remedies.[1]

**THEREFORE, IT IS HEREBY ORDERED** that Plaintiff's Complaint is dismissed for failure to state a claim for relief.

---

[1] The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), requires an inmate to exhaust "such administrative remedies as are available" before suing over prison conditions. There is no doubt that the PLRA's exhaustion requirement is mandatory. See Anderson v. XYZ Correctional Heath Services, 407 F.3d 674, 676-77 (4th Cir. 2005) citing Porter v. Nussle, 534 U.S. 516, 524 (2002) ("once within the discretion of the district court, exhaustion in cases covered by § 1997e(a) is now mandatory. All available remedies must now be exhausted; those remedies need not meet federal standards, nor must they be plain, speedy and effective. Even when the prisoner seeks relief not available in the grievance proceedings, notably money damages, exhaustion is a prerequisite to suit." When considering a motion to dismiss for failure to exhaust, the district court must determine whether exhaustion was complete at the time of filing, not at the time when the court is rendering its decision on the Motion to Dismiss. Johnson v. Jones, 340 F.3d 624 (8th Cir. 2003). A Court may sua sponte dismiss a complaint for failure to exhaust if it is clear from the complaint that the inmate has not exhausted his administrative remedies. Anderson v. XYZ, 407 F.3d at 674. Here, while Plaintiff checked the box on his form Complaint indicating that he had exhausted his administrative remedies, it is clear to the Court both from the Complaint and from the grievance he attached to his Complaint that he did not. Indeed, Plaintiff attached a copy of his grievance in which he stated that he completed step two of the grievance process and Plaintiff indicated on his Complaint that he has completed step two of the process. The Court is aware and the grievance form confirms that there are three steps to grievance process. The last step, which Plaintiff did not complete, is an appeal to the Secretary of the Department of Corrections.

**SO ORDERED**.

Signed: May 12, 2009

Graham C. Mullen
United States District Judge